1   Albert K. Heitzmann

2   P.O. Box 7227

3   Phoenix, AZ 85011

4   Telephone: (602) 321-0615

5   Pro Se

6



7   # IN THE UNITED STATES DISTRICT COURT

8   # DISTRICT OF ARIZONA

| ALBERT K. HEITZMANN,<br>an individual,<br>Plaintiff,<br><br>vs.<br><br>County of Maricopa,<br>a political subdivision of the<br>State of Arizona,<br>Defendant. | Case No.:<br><br>CIV '11 0179 PHX JAT<br><br><br>**COMPLAINT** |
|---|---|

9

10  **COMPLAINT**:

11  Misuse of *Franzi vs Superior Court, 1984*, to convict Heitzmann of perjury.

12

13  **BACKGROUND OF THE CASE**:

14  1.      On December 13, 2006, Heitzmann testified at the murder trial of Mr. Paul

15  Speer. (CR2002-010926)  He never told the jury Speer did not commit the murder.

16  2.      In May, 2007, Heitzmann was charged with perjury. (CR2007-127543)

17  3.      Heitzmann believed that perjury was defined by ARS13-2702 and, since he

18  did not commit perjury under that definition, took his case to trial.

19  4.      On December 11, 2007, Heitzmann's Court told him there was a second

20  definition of perjury that, per a 1984 Superior Court Decision, a non-material

21  statement could be "defined" as material, and that he was to be charged under this

22  alternative definition. See Exhibit A: [Transcript of CR2007-127543/ December

23  11, 2007/ Page 3/ Lines 6 thru 23].

5.     Heitzmann was not authorized to ask the Court to clearly identify the
Decision and asked his public defender.  His public defender refused to give him
the title of the Decision.  Over the course of the following year, Heitzmann's
attempts to identify the Decision were frustrated.  Only when he received his
transcripts a year after the trial, was he able to identify it.  It was *Franzi vs
Superior Court, 1984*.

6.     Heitzmann spent over a year attempting to procure a copy of *Franzi* to see
how the State used it to supplement ARS13- 2702.  Again, his attempts were
frustrated.  Only when he was released from prison on May 16, 2010, was he able
to physically travel to a legal library and examine *Franzi*.  He did so on May 18,
2010.  Inspection of *Franzi* revealed that it was not an alternative definition of
perjury.  It was a case involving confusion over court jurisdiction and had no
applicability to Heitzmann's case.  Heitzmann's Court's use of *Franzi* to "define"
him to be guilty of perjury was not correct.

7.     Per ARS12-821.01 Sections A & B, Heitzmann filed a claim against the
County of Maricopa requesting compensation in the amount of $885,000 for the
885 days he was incarcerated:
[www.adc.state.az.us]/ [Heitzmann's ID: 228072]
Per Section B, the claim had to be filed within 180 days of May 18, 2010, the date
Heitzmann discovered his Court's incorrect ruling.  Heitzmann filed his claim on
May 21, 2010, beating the deadline by 176 days.  See Exhibit B: [NOTICE OF
CLAIM AGAINST MARICOPA COUNTY]

8.     The Defendant is refusing to honor his claim by ignoring 12-821.01B.  The
Defendant is incorrectly claiming that, since Heitzmann was damaged on
December 12, 2007, he should have filed his claim within 180 days of that date.
See Exhibit C: [June 28, 2010 letter from Maricopa County Risk Management]

**WHEREFORE**:

Plaintiff prays for judgment against the Defendant as follows:

Order the Defendant to either:

* Explain how *Franzi* can be used to unambiguously "define" a non-material statement to be material, or

* Honor Heitzmann's claim and remit, in full, $885,000 in compensation before February 24, 2012.

In exchange for either of these two forms of relief, Heitzmann offers to forgo all further monetary claims against the County of Maricopa for issues directly related to the misuse of *Franzi vs Superior Court* in this case.

DATED this 27 day of January, 2011.

By: _____

Albert K. Heitzmann
P.O. Box 7227
Phoenix, AZ 85011
Telephone: (602) 321-0615
E-mail: [albert.heitzmann@yahoo.com]

ORIGINAL and ONE COPY filed
this      day of January, 2011, with:
Clerk of the Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street,
Suite 130, SPC1
Phoenix, AZ 85003-2118

_____

EXHIBIT A

1

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA.
IN AND FOR THE COUNTY OF MARICOPA

STATE OF ARIZONA,          )
                           )
            Appellee,      )
                           )   1 CA-CR 08-0228
vs.                        )   CR2007-127543-001
                           )   DT
ALBERT KARL HEITZMANN,     )
                           )
            Appellant.     )
_____)

10 JUN -3 AM 9:40

MICHAEL JAMES CLERK
BY

Phoenix, Arizona
December 11, 2007

BEFORE:  THE HONORABLE ROSA MROZ, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS
(Jury Trial)

DIVISION
COURT OF APPEALS
STATE OF ARIZONA
FILED

SEP 0 2 2008

PHILIP G. URRY, CLERK
By_____ ΛL

JANELL ROSE, RPR
Certified Court Reporter #50455

Prepared for Appeal

DISCOVERY AND CONFIDENTIAL MATERIAL

SUPERIOR COURT

PAGE 1 of 3

EXHIBIT A                    EXHIBIT A

1                    A P P E A R A N C E S

2    On Behalf of the State:

3            Jeannette Gallagher
             Maricopa County Attorney's Office
4

5    On Behalf of the Defendant:

6            Candace Shoemaker
             Attorneys at Law
7

8

9                        I N D E X

10                                              PAGE
     CLOSING ARGUMENT BY MS. GALLAGHER             18
11

12   CLOSING ARGUMENT BY MS. SHOEMAKER             62

13
     REBUTTAL ARGUMENT BY MS. GALLAGHER            79
14

15

16

17

18

19

20

21

22

23

24

25

Ex 1+1B1T   A   Ex 1+1B1T   A

1          THE COURT:  CR 2007-127543.  State vs. Al

2    Heitzmann.

3          MS. GALLAGHER:  Jeannette Gallagher.

4          MS. SHOEMAKER:  Candace Shoemaker for Mr.

5    Heitzmann.

6          THE COURT:  I need to put something on the record

7    I neglected to do yesterday with regard to the charge of

8    perjury.  I need to define the statement to be material

9    before the jury can make an independent determination of

10   materiality.

11         Under <u>Franzi vs. Superior Court</u>, 139 Ariz. 556,

12   679 P2d 1043, 1984.  Therefore, I am going to go ahead and

13   do that.  I meant to do that yesterday, and I neglected to

14   do so.

15         I do find that the statement as charged in the

16   indictment to be a statement regarding a material --

17   preliminarily to be a statement of material issue.

18         So I think that's all I need to do under that

19   case law.  Anybody else have any other requirements that

20   you think I should fulfill before I give the case to the

21   jury?

22         MS. GALLAGHER:  I do not.

23         MS. SHOEMAKER:  No, Your Honor.

24         THE COURT:  Okay.  One last thing to be placed on

25   the record I want to make sure that the jury instruction I

EXHIBIT B    EXHIBIT B



## NOTICE OF CLAIM AGAINST MARICOPA COUNTY and/or MARICOPA COUNTY SHERIFF

| DATE OF LOSS | TIME OF LOSS | LOCATION OF LOSS |
|---|---|---|
| DEC. 12, 2007 | ☐ AM ☐ PM | MARICOPA COUNTY SUPERIOR COURT |

| CLAIMANT LAST NAME | FIRST NAME | DATE OF BIRTH | SOCIAL SECURITY # REQUIRED TO SETTLE CLAIM | IF MINOR, GIVE PARENT OR GUARDIAN NAME |
|---|---|---|---|---|
| HEITZMANN | ALBERT | 8-10-49 | 527-86-400? | |

| | TELEPHONE | ADDRESS | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|---|
| Home Work | ( ) - | P.O. Box 7227 | | PHOENIX | AZ | 85011 |

**DESCRIPTION OF OCCURRENCE**

SEE PAGES 2 & 3 OF THIS DOCUMENT.

**DESCRIBE DAMAGE TO PROPERTY**

NONE

**IF PERSON(S) INJURED, LIST THE FOLLOWING INFORMATION ON ALL INJURED PARTIES**

| | Name | Address | Description of Injury | DOB | Telephone |
|---|---|---|---|---|---|
| 1 | SELF | | WRONGFUL INCARCERATION | | ( ) - |
| 2 | | | | | ( ) - |

| RESPONDING POLICE AGENCY : | REPORT # : |
|---|---|
| | |

**CLAIMANT VEHICLE INFORMATION**

| | Make | Model | Year | License Plate # |
|---|---|---|---|---|
| | NONE | | | |

**COUNTY VEHICLE INFORMATION**

| Unit Number | Department | County Driver | License Plate # |
|---|---|---|---|
| | NONE | | |

**IF WITNESSES ARE AVAILABLE, PROVIDE THE FOLLOWING INFORMATION**

| | Name | Address | Telephone |
|---|---|---|---|
| 1 | REPORTERS TRANSCRIPT | | ( ) - |
| 2 | | | ( ) - |

*Specific amount for which your claim can be settled:* $ 885,000

*Claimant signature:* [signature]     Date: 5-21-2010

This form is provided to assist in presenting a claim to Maricopa County that complies with the requirements of A.R.S. § 12-821.01, which defines the requirements for filing a claim against a public entity in the State of Arizona. It is important to complete all applicable items on the form in order to assure compliance with state law. Failure to do so may result in your claim being rejected. Filing a valid claim will always remain your sole responsibility. If your claim is contractual in nature, refer to the guidelines set forth in A.R.S. § 11-622.

The accompanying letter also contains the names and addresses of the persons authorized to accept service of the notice of claim form. It is your responsibility to identify the correct person, entity and/or entities against which your claim is being made, and file the notice of claim with them as required by A.R.S. § 12-821.01. You can mail the completed form.

If you have questions about this form or your claim, it is your responsibility to seek legal advice on your own and at your expense. Please do not call or otherwise contact any employee of Maricopa County or any employee of its officers, boards or districts, to seek assistance with filing a notice of claim or seek any other assistance with respect to your claim. No officer or employee of Maricopa County is authorized to provide legal advice or assistance with the preparation or filing of your claim. If you rely on any information furnished directly or indirectly by any officer or employee of Maricopa County, you do so at your own risk.

**If your claim is in regards to a road condition, complete the Road Condition Supplement and mail it with this form.**

PAGE 1 OF 3

Notice of Claim  rev. 11/18/2009

HEITZMANN'S CASE
CHRONOLOGY

EXHIBIT B

EXHIBIT B

MAY 25, 2002:
A FORMER STUDENT OF MINE, PAUL SPEER,
COMMITTED A MURDER
POLICE REPORT: DR 2002-2095 2902
CASE NUMBER: CR 2002-010926

DECEMBER 13, 2006:
I TESTIFIED AT SPEER'S TRIAL.
THE COUNTY ATTORNEY [CA] CLAIMED THAT I
WAS SEXUALLY INVOLVED WITH SPEER.

DECEMBER 11, 2007:
THE CA CHARGED ME WITH PERJURY FOR
DENYING SEXUAL INVOLVEMENT WITH SPEER.
CASE NO: CR 2007-127543
REPORTER'S TRANSCRIPT, PAGE 47, LINES 12,13.

DECEMBER 11, 2007 CONTINUED:
THE CA REALIZED SHE'D MADE A MISTAKE. MY
ALLEGED LIE WAS NOT MATERIAL AND THUS
CONSTITUTED FALSE SWEARING, NOT PERJURY.
THE CA ATTEMPTED TO CORRECT THE ERROR BY
INVOKING A 1964 DECISION: FRANTZ.
REPORTER'S TRANSCRIPT, PAGE 3, LINES 6-17.

HEITZMANN'S CASE                    EXHIBIT B
CHRONOLOGY
                                    EXHIBIT B

NOT ONLY DID THE CA FAIL TO PROVE THAT
I'D LIED ABOUT MY SEXUAL INVOLVEMENT
WITH SPEER, BUT ALSO, THE USE OF FRANKS
WAS INCORRECT.
IN THE FRANKS CASE, THE ISSUE WAS CONFUSION
OVER STATE V.S. FEDERAL JURISDICTION, AND
HAD NO APPLICABILITY TO MY CASE.

AS A RESULT, I WAS IMPROPERLY CONVICTED
OF PERJURY ON DECEMBER 12, 2007 AND
SUFFERED 885 DAYS OF INCARCERATION FOR A
CRIME I DID NOT COMMIT.
I RESPECTFULLY REQUEST COMPENSATION IN
THE AMOUNT OF $885,000 TO BE PAID IN
FULL BY AUGUST 30, 2010.


Albert K. Neil

ALBERT K. HEITZMANN
MAY 21, 2010

ATTACHED: DECEMBER 11, 2007 REPORTERS TRANSCRIPT,
          PAGES 3 AND 47, 48.


                    PAGE 3 OF 3

EXHIBIT C



# Maricopa County
**Risk Management**

222 N. Central Avenue
Suite 1110
Phoenix, Arizona 85004
Phone: (602) 506-2298
Fax: (602) 506-5939

June 28, 2010

Albert Heitzmann
PO Box 7227
Phoenix, Az 85011

Re:          Notice of Claim against County Attorney

          Date of Incident:     December 2007
          Our file:             GL 19019450-36003

Dear Mr. Heitzmann:

Your claim is denied again.   The statute of limitations has expired.

We cannot give legal advice. Should you have questions, it is your responsibility to seek
legal advice on your own.

Sincerely,

Jeannie Bowman
Senior Claim Adjuster
Maricopa County Risk Management

PAGE 1 of 1